United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ezequiel Ramon Gonzalez, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-22261-Scola |
| | ) | |
| TAD PGS, Inc., Defendant | ) | |

### Order Compelling Arbitration

The Plaintiff brings this suit, on behalf of himself and all others similarly situated, against the Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 (the "FLSA"). The Defendant has moved to stay this case and compel arbitration in accordance with the terms of the parties' Dispute Resolution and Arbitration Agreement (the "Agreement") (ECF No. 18). For the reasons set for the below, the Court **grants** the Defendant's motion.

### 1. Factual Background

The Agreement was entered into between the Plaintiff and "Vendor Pass, Inc., its successors and assigns and its officers, directors, employees, affiliates, subsidiaries and parent companies." (ECF No. 19-1.) The Defendant has provided a declaration from Wendy Harkins, the Chief Financial Officer/Vice President of TAD PGS, Inc., which states that TAD PGS, Inc. and Vendor Pass, Inc. are affiliated entities. (Decl. at ¶ 4, ECF No. 19-1.) Vendor Pass, Inc. provides TAD PGS, Inc. with support in areas such as payroll, personnel management, and accounting, and handled the Plaintiff's onboarding, including the completion of his employment documentation, on behalf of TAD PGS, Inc. (*Id.* ¶¶ 9-12.)

### 2. Legal Standard

The Federal Arbitration Act (the "FAA") governs the validity of an arbitration agreement. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005)). The FAA "embodies a liberal federal policy favoring arbitration agreements." *Id.* (citing *Caley*, 428 F.3d at 1367) (internal quotations omitted). The FAA provides that a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or

in equity for the revocation of any contract." *Id.* (internal quotations and citations omitted).

### 3. Analysis

In opposing the Defendant's motion, the Plaintiff provides several reasons why the Court should not enforce the Agreement. First, the Plaintiff alleges that that the Agreement is signed by the Plaintiff, but not by Vendor Pass, Inc. (Resp. in Opp. at 1, ECF No. 21.) However, the Eleventh Circuit has held that a signature is not required under the FAA. *Caley*, 428 F.3d at 1368-69 (noting that "while the FAA requires that the arbitration agreement be in writing, it does not require that it be signed by the parties" and that the "overwhelming weight of authority supports the view that no signature is required to meet the FAA's 'written' requirement."). Continued employment can demonstrate acceptance of an arbitration provision in the absence of a signature. *Id.* at 1369. Therefore, the fact that Vendor Pass, Inc. did not sign the Agreement does not invalidate the Agreement.

Second, the Plaintiff asserts that the Defendant has provided no evidence that Vendor Pass, Inc. is affiliated with TAD PGS, Inc. (Resp. in Opp. at 1-2.) However, as noted above, the Defendant provided a declaration to support its allegation that the two companies are affiliated. The Plaintiff has not provided any reason why the Court should discredit the declaration, other than a conclusory assertion that it is self-serving, nor has the Plaintiff alleged that the two companies are not actually affiliated. Moreover, the Defendant notes that the Plaintiff's paystubs, copies of which were previously submitted to the Court, support that the two entities are affiliated. (Reply at 3, ECF No. 24.) The paystubs were issued by "Vendor Pass TAD PGS." (Exs. C, D to Resp. to Statement of Claim, ECF Nos. 22-3, 22-4.) Therefore, the argument that there is no evidence to support the affiliation of the two entities is baseless.

Third, the Plaintiff notes that the Agreement states that the Plaintiff may only bring a claim in his individual capacity, and that he is giving up his rights to participate in a collective action. (Resp. in Opp. at 2.) The Plaintiff argues that this provision is repressive and designed to thwart the Plaintiff's rights. (*Id.* at 5-6.) However, the Eleventh Circuit has directly addressed this issue, holding that the enforcement of collective action waivers in arbitration agreements is not inconsistent with the FLSA, and that arbitration agreements containing such waivers are enforceable under the FAA. *Walthour*, 745 F.3d at 1334-37.

Fourth, the Plaintiff argues that the Agreement is unenforceable because it does not make clear who will bear the expenses of the arbitrator, creating the possibility that the Plaintiff may be responsible for the expenses. (Resp. in Opp.

at 2-3.) As an initial matter, the Court notes that the Plaintiff has not provided any case law to support the proposition that a lack of clarity regarding who will bear the expenses of arbitration renders an arbitration agreement unenforceable. Nevertheless, the Agreement provides that the parties' claims will be resolved in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA"). (Agreement ¶ 1, ECF No. 19-1.) The Plaintiff argues that the AAA Employment Arbitration Rules are "ambiguous as to who will bear the expenses and fees of the arbitrator . . . ." (Resp. in Opp. at 2 fn. 2.) The Defendant has provided a copy of the AAA Employment Arbitration Rules, and the Court disagrees that they are ambiguous. (Reply Ex. 1, ECF No. 24-1.) The "Costs of Arbitration" section contains two sub-sections, one of which is applicable to disputes arising from an employer plan, and one of which is applicable to disputes arising from an individually-negotiated employment agreement or contract. (AAA Rules at 31.) The Defendant has stipulated that the dispute arises from an employer plan. (Reply at 6.) The rules provide that, for disputes arising out of an employer plan, the employer is responsible for the arbitrator's compensation and expenses. (AAA Rules at 33.) The sole cost allocated to the employee is the filing fee, which the Defendant notes is half the filing fee in federal court. (*Id.*) Therefore, the Plaintiff's concerns that he will be responsible for the expenses of arbitration are unfounded.

Finally, the Plaintiff argues that his native language is Spanish, and there is no evidence that the Plaintiff was provided with a copy of the Agreement in Spanish. (Resp. in Opp. at 4.) However, the Court notes that the Plaintiff has not alleged that he does not speak or read English or that he did not understand the Agreement at the time that he signed it. (*See id.*) The allegation that the Plaintiff's native language is Spanish, on its own, is insufficient to establish that the Agreement is unenforceable.

### 4. Conclusion

Accordingly, the Court **grants** the Defendant's motion to compel arbitration (**ECF No. 18**). The Court **stays** this matter until the completion of the arbitration and directs the Clerk to **administratively close** this case during the pendency of the stay. The Defendant must file a status report on or before **November 2, 2017**, and every 90 days thereafter, updating the Court as to the status of the arbitration. Any pending motions are **denied** as moot.

**Done and ordered** in chambers at Miami, Florida on August 4, 2017.

_____
Robert N. Scola, Jr.
United States District Judge